UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

BRIAN LEHNER                            :
                                        :
                                        :    CASE NO. 1:15-cv-01178
        Plaintiff,                      :
                                        :
v.                                      :    OPINION & ORDER
                                        :    [Resolving Doc. 1]
LPL FINANCIAL, LLC,                     :
                                        :
        Defendant.                      :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Brian Lehner seeks the vacatur and remand of an arbitration award giving him $188,000.00 in compensatory damages against Defendant LPL Financial, LLC ("LPL").[1] Lehner says the Arbitration Panel exceeded its powers and manifestly disregarded the law in refusing to award him attorney's fees in addition to the compensatory damages that the panel had awarded. For the following reasons, Lehner's application to vacate the award and remand is **DENIED**.

**I. Background**

Lehner, a stock broker, worked at Old Fort Bank in Tiffin, Ohio. Lehner used LPL's services to buy and sell securities for his clients and customers of the bank. As part of this arrangement, Lehner and LPL executed a "Representative Agreement" governed by California law. The agreement contained the following provision:

> "If any legal action is necessary to enforce any of the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other

---

[1] Doc. 1-1.

-1-

Case No. 1:15-cv-01178
Gwin, J.

relief to which he/she may be entitled."[2]

On July 29, 2013, Lehner brought a claim against LPL before the Financial Industry Regulatory Authority ("FINRA") Arbitration Panel. Lehner claimed that LPL had breached the Representative Agreement, and had violated two FINRA rules when it repeatedly paid Lehner's commissions into the wrong accounts. A five-day arbitration in Cleveland, Ohio followed.[3]

Lehner made an initial request for more than $750,000.00 in damages. At the close of the hearing, he requested damages against LPL in the range of $604,000.00 to $635,000.00. The Panel dismissed Lehner's claims that LPL violated FINRA rules.[3]

On March 10, 2015, the Panel awarded Lehner $188,000.00 in compensatory damages. The Panel, in its award, stated that "[a]ny relief not specifically enumerated, including attorneys' fees, is hereby denied with prejudice."[4] The Panel also noted that "[o]ther than Forum Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter."[5] The Panel calculated forum fees – such as fees for filing the claim and for convening pre-hearing conferences – and ordered Lehner to pay $8,400.00 and LPL to pay $7,200.00.[6]

**II. Standards**

The Federal Arbitration Act ("FAA") expresses a presumption that arbitration awards will be confirmed.[7] "When courts are called on to review an arbitrator's decision, the review is very

---

[2] Doc. 1-3.
[3] Doc. 5-1.
[3] *Id.*
[4] *Id.* at 3.
[5] *Id.* at 3.
[6] *Id.*
[7] 9 U.S.C. § 9; *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir. 1998).

Case No. 1:15-cv-01178
Gwin, J.

narrow; one of the narrowest standards of judicial review in all of American jurisprudence."[8] If "the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."[5] Thus, "[a] federal court may vacate an arbitration award only in very limited circumstances."[6] Those circumstances include "where the arbitrators exceeded their powers,"[7] and where the arbitrators act with "manifest disregard for the law."[8] "An arbitration panel only acts in manifest disregard of the law if the applicable legal principle is clear and well-settled and it refuses to follow that legal principle."[9]

### III. Analysis

Lehner says the Panel exceeded its power and demonstrated manifest disregard for the law when it declined to award him attorney's fees. Lehner's arguments fails for several reasons.

First, the Panel may have decided that in Lehner's case, the amount of "reasonable" attorney's fees was zero. "Reasonable" means "[f]air, proper, or moderate under the circumstances."[10] Lehner initially sought over $750,000.00 from LPL. In the end,, two of his claims were dismissed, and he was awarded around 25 percent of this sum. He was also apportioned more than half of the forum fees associated with the arbitration. But Lehner now seeks $79,000.00 in fees and costs in addition to his compensatory damage award.

---

[8] *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 625 (6th Cir. 2002) (quoting *Lattimer-Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir. 1990)).
[5] *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987).
[6] *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 845 (6th Cir. 2003).
[7] 9 U.S.C. § 10(a)(4).
[8] *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000).
[9] *Glennon v. Dean Witter Reynolds, Inc.*, 83 F.3d 132, 136 (6th Cir. 1996).
[10] *Black's Law Dictionary* 1293 (8th ed. 2004).

Case No. 1:15-cv-01178
Gwin, J.

The Panel explicitly considered and denied Lehner's request for attorney's fees. They may have done so out of the conviction that Lehner lost most of his claim. The fair amount of attorney's fees, in light of the circumstances, may have been zero. The plain meaning of the term "reasonable" indicates than an award of no attorney's fees falls within the meaning of the Representative Agreement. After all, the term "reasonable" connotes a case-by-case assessment of what is appropriate. Lehner, based on his limited success, cannot show that a fair award of fees was more than nothing, let alone $79,000.00.

The California Supreme Court has noted that "arbitrators' own assessments of their contractual authority" should be given "substantial deference."[11] The Panel, per the contract, was to award reasonable fees to the prevailing party. The Panel interpreted that authority to include authority to award no fees. Thus, the Panel was at least arguably construing the contract before it and acting within its scope. That suffices to uphold the arbitration award upon review.

Second, Lehner cannot show that the Panel flagrantly disregarded applicable California law. Lehner argues that he is the prevailing party, and that a prevailing party under a contract claim must receive fees. But neither of these propositions is clearly established under California law.

California Civil Code § 1717 pertains to the award of attorney's fees on contract actions.[12] Pursuant to Section (b)(1), "[t]he court may also determine that there is no party prevailing on the contract," which means that no party is entitled to attorney's fees as a mater of right – even if the

---

[11] *Advanced Micro Devices, Inc. v. Intel Corp.*, 9 Cal. 4th 362, 373 (1994).

[12] Cal. Civ. Code § 1717(a) ("In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.")

Case No. 1:15-cv-01178
Gwin, J.

contract states that attorney's fees shall be awarded.[13]

The Panel, in making its award, never designated Lehner to be the "prevailing party." Lehner insists that he prevailed nonetheless. But the Panel was well within the limits of California law in deciding that despite recovering some damages, Lehner was not a prevailing party, and was thus not entitled to attorney's fees as a matter of right.

Lehner next argues that in some cases, California law *requires* a court to find that a party has prevailed on a contract, and requires a court to award fees. Lehner is correct:

"When a party obtains a 'simple, unqualified win' by completely prevailing on, or defeating, the contract claims in the action and the contract contains a provision for attorney's fees, the successful party is entitled to attorney's fees as a matter of right, eliminating the trial court's discretion to deny fees under section 1717."[14]

But Lehner cannot show that he, without question, enjoyed a "simple, unqualified win." Lehner recovered a fraction of the amount he initially sought. Finding that Lehner enjoyed less than an unqualified win comports with California law. This would allow a California court – or an arbitration panel applying California law – to find that Lehner should not receive attorney's fees as a matter of right, regardless of the terms of his contract.

Therefore, Lehner does not meet his burden of showing that the Panel acted in manifest

---

[13] *Id.* at (b)(1).
[14] *Silver Creek, LLC v. BlackRock Realty Advisors, Inc.*, 173 Cal. App. 4th 1533, 1538 (2009).

-6-

Case No.  1:15-cv-01178
Gwin, J.

disregard of California law. Thus, his application to vacate the award is **DENIED**.

IT IS SO ORDERED.


Dated: August 7, 2015						s/	*James S. Gwin*
								JAMES S. GWIN
								UNITED STATES DISTRICT JUDGE